[Docket No. 10]

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

| | |
|---|---|
| TRUSTEES OF THE SHEET METAL, AIR, RAIL, TRANSPORTATION WORKERS INTERNATIONAL ASSOCIATION LOCAL 27 ANNUITY, HEALTH & WELFARE, EDUCATION AND SUPPPLEMENTAL UNEMPLOYMENT FUNDS, et al, | Civil No. 22-6068 (RMB-MJS) |
| Plaintiffs, | **OPINION** |
| v. | |
| CINNAMINSON MECHANICAL CONTRACTORS, Inc., | |
| Defendant. | |

**APPEARANCES**

Steven J. Bushinsky
O'Brien, Belland & Bushinsky, LLC
509 S. Lenola Road, Building 6
Moorestown, New Jersey 08057

     *On behalf of Plaintiff*

**RENÉE MARIE BUMB, Chief United States District Judge**

     This matter comes before the Court on the Motion for Default Judgment,

[Docket No. 10], filed by Plaintiffs Trustees of the Sheet Metal, Air, Rail,

Transportation Workers International Association Local 27 Annuity, Health &

Welfare, Education, and Unemployment Funds (the "Trustees"), and Sheet Metal, Air, Rail, Transportation Workers International Association Local Union 27 (the "Union") (collectively "Plaintiffs"), filed pursuant to FED. R. CIV. P. 55(b)(2). For the reasons expressed below, Plaintiffs' motion is **DENIED without prejudice**.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Trustees are fiduciaries of the Sheet Metal, Air, Rail, Transportation Workers International Association Local 27 Annuity, Health & Welfare, Education, and Unemployment Funds (the "Funds") within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. § 1002(21)(A). The Funds represent trust funds established and maintained pursuant to section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5), as well as multi-employer benefit funds established and maintained pursuant to sections 3(1), (2), and (3) of ERISA, 29 U.S.C. § 1002(1), (2) and (3), which provide benefits to eligible participants. Pursuant to a collective bargaining agreement ("CBA") with the Union, Defendant, Cinnaminson Mechanical Contractors, Inc. ("Defendant"), was required to make timely contributions to the Funds on behalf of eligible beneficiary employees. [Docket No. 1 ("Compl.") ¶ 17.]

On October 13, 2022, Plaintiffs filed a Complaint against Defendant, alleging (i) failure to remit contributions due under the CBA between October 16, 2021 and December 4, 2021 in violation of Section 515 of ERISA, 29 U.S.C. § 1145, [Compl. ¶¶ 1, 17–22]; and (ii) failure to remit dues check-offs for the same period. [Compl. ¶ 26.] On November 5, 2022, Plaintiffs filed an executed Summons and Complaint

averring that it served Defendant's registered agent at his home vis-à-vis personal delivery on the registered agent's wife. [Docket No. 5.] Plaintiffs' process server concluded that the registered agent's wife was the "Managing Agent" of Defendant. [*Id.*] Defendant has not responded to the Complaint.

On November 30, 2022, Plaintiffs requested an entry of default, [Docket No. 4], which the Clerk granted on December 1, 2022. On July 18, 2023, Plaintiffs filed this Motion for Default Judgment. [Docket No. 10.] Plaintiffs' motion seeks unpaid benefit contributions, interest, liquidated damages, late fees, and attorney's fees totaling $14,560.15. [Docket No. 10-2, Certification of Steven J. Bushinsky ("Bushinsky Cert.") ¶¶ 14–21.] Defendant has not responded to Plaintiffs' motion or otherwise appeared.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b)(2), courts may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. *Chanel v. Gordashevsky*, 558 F. Supp. 2d 532, 535 (D.N.J. 2008) (citing *Anchorage Assocs. v. V.I. Bd. of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990)). The decision to enter a default judgement is left to the discretion of the district courts; however, the Third Circuit has stated its "preference that cases be disposed of on the merits whenever practicable." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180–81 (3d Cir. 1984). In assessing a motion for default judgment, courts should accept as true all well-pleaded factual allegations — other than those regarding damages — but should not accept a plaintiff's legal conclusions. *Dempsey v. Pistol Pete's Beef N Beer,*

3

*LLC*, 2009 WL 3584597, at *3 (D.N.J. Oct. 26, 2009).

Once a default has been entered, and a party has moved for default judgment, the Court, prior to entering default judgment, must: "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the [c]omplaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Joe Hand Promotions, Inc. v. Batra*, 2017 WL 838798, at *2 (D.N.J. March 2, 2017). Additionally, the following three factors determine whether default judgment should be granted: "(1) prejudice to the plaintiff if default is denied; (2) whether the defendant appears to have a litigable defense; and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## III.   ANALYSIS

### A.   Jurisdiction and Service of Process

The Court must ascertain its jurisdiction both over the subject matter and the parties before entering default judgment against a party that has not filed a responsive pleading. *HICA Educ. Loan Corp. v. Surikov*, 2015 WL 273656, at *2 (D.N.J. Jan. 22, 2015). Here, the Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because Plaintiffs assert claims under ERISA, a federal statute conferring a private right of action. *See* 29 U.S.C. § 1132(d)(1).

Before determining whether the Court has personal jurisdiction over the

Defendant, it must first determine whether Plaintiffs properly served process on Defendant. *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700–01 (3d Cir. 1991) (explaining that effective service of process is a prerequisite to establishing personal jurisdiction). The party asserting the validity of service bears the burden of proof by a preponderance of the evidence. *Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir.1993).

Plaintiffs made numerous attempts to serve Defendant at its primary place of business without success. [Bushinsky Cert. ¶ 4 (citing Bushinsky Cert., Ex. D).] According to Plaintiff's process server, Defendant's business address was vacant. [*Id.*] Neighboring businesses also confirmed that Defendant's business address was vacant. [*Id.*] As a result, Plaintiffs hired a third-party agency to perform a corporate custodian search which identified Salvatore Ortiz as the Defendant's registered agent. [Bushinsky Cert. ¶ 5 (citing Bushinsky Cert., Ex. E).] Upon identifying Mr. Ortiz as Defendant's registered agent, Plaintiffs attempted to serve Mr. Ortiz at his home in Moorestown, New Jersey. Presumably not home or not available, Plaintiffs' process server left the summons and complaint with Mr. Ortiz's wife, Jennifer Ortiz, at the couples' Moorestown home.[1] [Bushinsky Cert. ¶ 6 (citing Bushinsky Cert., Ex. F); *see also* Docket No. 5.] Plaintiffs' process server identified Ms. Ortiz as Defendant's "Managing Agent." [Docket No. 5.]

---

[1] Plaintiff confirmed through third-party services and public records that Ms. Ortiz resides at and is a joint owner of the same Moorestown property Mr. Ortiz resides at. [Bushinsky Cert. ¶ 8 (citing Bushinsky Cert., Ex. G).]

### 1.   *Service Under Federal Rule of Civil Procedure 4(h)(1)(B)*

Federal Rule of Civil Procedure 4(h)(1)(B) authorizes service of process on a domestic corporation "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." The Court finds service of process ineffective under Federal Rule of Civil Procedure 4(h)(1)(B). Plaintiffs have not met their burden of showing that Ms. Ortiz was "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on Defendant's behalf. *See Knights Franchise Sys., Inc. v. Sairam, Inc.*, 2017 WL 4074023, at *3 (D.N.J. Sept. 14, 2017) (acknowledging that service of process would be improper under Federal Rule 4(h)(1)(B) where summons and complaint were delivered to spouse of registered agent at registered agent's home).[2] Just because Plaintiffs' process server avers that Ms. Ortiz was Defendant's (or Mr. Ortiz's) Managing Agent," it does not mean she was so in fact. Plaintiffs offer no proof suggesting that Ms. Ortiz was involved in Defendant's business or otherwise had an agency relationship with Mr. Ortiz. *W. v. Am. Honda Motor Co.*, 2008 WL 4104683, at *4 (D.N.J. Aug. 28, 2008) ("In order for service of process upon an agent to be effective, it must be shown that the agent was actually appointed by the

---

[2] *Knights Franchise* did not consider whether service of process vis-à-vis a registered agent's spouse at the registered agent's place of abode would be improper under New Jersey state service of process rules.

defendant for the specific purpose of receiving process."); *Cwik v. Zylstra*, 155 A.2d 277, 281 (N.J. App. Div. 1959) ("[T]he mere relation of husband and wife does not create an agency.") (citing RESTATEMENT (SECOND) OF AGENCY § 22, cmt. b (AM. L. INST. 1958)) ("Neither husband nor wife by virtue of the relation has power to act as agent for the other.").[3]

### 2.    *Service Under New Jersey Court Rule 4:4-4(a)(6)*

Although service of process was ineffective under the Federal Rules, it still may have been effective under New Jersey state service of process rules. *See* FED. R. CIV. P. 4(h)(1)(A) (corporation may be served under relevant state law); *see also* FED. R. CIV. P. 4(e)(1). New Jersey Court Rule 4:4-4(a)(6) provides that service of process upon a corporation is affected by:

> serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1) of this rule on any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or, if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then on any employee of the corporation within this State acting in the discharge of his or her duties, provided, however, that a foreign corporation may be served only as herein prescribed subject to due process of law.

Paragraph (a)(1)—New Jersey Court Rule 4:4-4(a)(1)—in turn specifies the "manner

---

[3] Plaintiffs also seem to suggest that the Ortizs' joint filing for Chapter 13 bankruptcy protection in this Court evidences some sort of agency relationship. [Bushinsky Cert. ¶ 6 (citing Bushinsky Cert., Ex. H).] Again, Plaintiffs have not explained why that would be the case, and it is not apparent to the Court that the mere filing for Chapter 13 protection would create an agency relationship between Mr. and Ms. Ortiz for the purposes of accepting service of process on behalf of an unrelated corporation.

prescribed" for service as stated in Rule 4:4-4(a)(6). Rule 4:4-4(a)(1) requires the summons and complaint to be personally served within this State:

> [u]pon a competent individual of the age of 14 or over, by delivering a copy of the summons and complaint to the individual personally, or by leaving a copy thereof at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein, or by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf.

Plaintiffs contend that service of process was proper under Rule 4:4-4(a)(6). Their argument appears to go like this: Rule 4:4-4(a)(6) provides that service on a corporation is affected by "serving a copy of the summons and complaint in the manner prescribed by paragraph (a)(1)." In turn, Rule 4:4-4(a)(1) provides that a proper manner of personal service is leaving a copy of the summons and complaint at "the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over then residing therein." Therefore, reading Rules 4:4-4(a)(6) and Rule 4:4-4(a)(1) together, delivery of the summons and complaint to Mr. Ortiz's house and leaving those papers with his wife, Ms. Ortiz, a person of suitable age and discretion residing at Mr. Ortiz's home, was proper. [*See* Docket No. 10-1 ("Pls.' Br.") at 2–3.]

The Court disagrees. Plaintiffs have not met their burden of showing that service of process was proper under Rule 4:4-4(a)(6). They have provided no authority supporting their argument and what limited authority does exist suggests that service in the manner affected was improper. In *X-L Liquors, Inc. v. Taylor*, the New Jersey Appellate Division dealt with nearly the exact same scenario presently

8

before the Court, namely, whether service of process on a corporate agent's spouse at the corporate agent's home constituted proper service. *See* 102 A.2d 794, 795–96 (N.J. App. Div. 1954). The *X-L Liquors* court concluded that it did not, holding that Rule 4:4-4(a)(5),[4] governing service of process of unincorporated business entities, did not permit serving a partnership's registered agent at the registered agent's home by leaving a copy of the summons and complaint with the registered agent's wife. The court reasoned that although Rule 4:4-4(a)(5) specifies that service of process on a partnership's agent—just like service of process on a corporation's agent under Rule 4:4-4(a)(6)—must be affected "in the manner prescribed by paragraph (a)[1]," that "manner" refers to the third and final provision of paragraph (a)(1), that is, that the summons and complaint must be "deliver[ed] … to a person authorized by appointment or by law to receive service of process." *X-L Liquors*, 102 A.2d at 795–96.

That makes sense. Rule 4:4-4(a)(6) states that service of process on a corporation must be affected "in the manner prescribed by paragraph (a)(1)." N.J. Cᴛ. R. 4:4-4(a)(6). And Paragraph (a)(1) prescribes three manners of personal service: (i) delivery of the summons and complaint to the individual personally; (ii) leaving a copy of the summons and complaint at the individual's dwelling place or usual place of abode with a competent member of the household of the age of 14 or over residing

---

[4] Rule 4:4-4(a)(5) was previously codified as Rule 4:4-4(a)(e).

therein; or (iii) by delivering a copy thereof to a person authorized by appointment or by law to receive service of process on the individual's behalf.

Crucially, the "individual" described in Rule 4:4-4(a)(1), for purposes of Rule 4:4-4(a)(6), refers to the defendant-corporation, *not* the registered agent. The "individual" referenced in Rule 4:4-4(a)(1) is always the defendant and here, the defendant is a corporation, not a human being. But applying the first two manners prescribed by paragraph (a)(1) to a corporation would make no sense because you cannot (i) deliver a summons and complaint to a corporation personally or (ii) leave the summons and complaint at the corporation's "dwelling place" without giving it to someone (i.e., an agent of the corporation). Therefore, consistent with *X-L Liquors*, that leaves only the third "manner" of service relevant under Rule 4:4-4(a)(6)— service must be made on "a person authorized by appointment or by law to receive service of process on the individual's [i.e., the corporation's] behalf." Here, that "person" is the registered agent. Not the spouse of the registered agent.

One final wrinkle. In *O'Connor v. Altus*, 335 A.2d 545 (N.J. 1975), the New Jersey Supreme Court purported to overrule *X-L Liquors*. *O'Connor* reversed an Appellate Division decision holding that service of process was improper where the plaintiff served the receptionist of the managing agent of a defendant apartment building. 335 A.2d at 557. The Appellate Division largely relied on *X-L Liquors* in reaching its conclusion. *Id.* at 556. The *O'Connor* court held that the plaintiff's service on the receptionist was effective because the receptionist was sufficiently integrated in the defendant's small business to know what to do with the service papers. *Id.* at

10

557. The court then overruled *X-L Liquors*, but only "*[t]o the extent that* [it] … stands for a contrary conclusion." *Id*. (emphasis added). Thus, *O'Connor*'s reversal of *X-L Liquors* was rather limited, applying only insofar as *X-L Liquors* would not allow a plaintiff to serve a corporation vis-à-vis its employee if the employee is "so integrated with the organization that he [or she] will know what to do with the papers and that he or she will stand in a position as to render it fair, reasonable and just to imply the authority to receive service." *Id* at 556.

Those were not, however, the facts of *X-L Liquors*. Accordingly, here, *X-L Liquors*, not *O'Connor*, should control. Ms. Ortiz is not the receptionist or an employee for Defendant or for Mr. Ortiz, as in *O'Connor*. She is simply the wife of Defendant's registered agent. There can be no agency relationship presumed as between Ms. Ortiz and Defendant or Ms. Ortiz and Mr. Ortiz. *See Cwik*, 155 A.2d at 281 (citing RESTATEMENT (SECOND) OF AGENCY § 22, cmt. b). Plaintiffs have pointed to no facts suggesting otherwise despite their conclusory averments to the contrary. [*See* Pls.' Br. at 3; *see also* Bushinsky Cert. ¶¶ 6–9).] Accordingly, Plaintiffs have not met their burden of demonstrating that service of process was proper. *See Grand Entertainment Grp.*, 988 F.2d at 488; *Zurich Am. Ins. Co. v. Big Green Grp., LLC*, 2020 WL 563663, at *4 (D.N.J. Feb. 5, 2020) (doubts over proper service weigh against entry of a default judgment); *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987) ("As a general matter, this court does not favor default judgments.").

11

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is

**DENIED without prejudice**. Plaintiffs shall be granted leave to re-serve Defendant

within ninety (90) days pursuant to the Federal Rules of Civil Procedure. If Plaintiffs

do not properly re-serve Defendant within ninety (90) days, then Plaintiffs' motion

for default judgment will be dismissed without prejudice. An appropriate Order

accompanies this Opinion.


**February 2, 2024**                                **s/Renée Marie Bumb**
Date                                                RENÉE MARIE BUMB
                                                      Chief United States District Judge